UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20550-CIV-ALTONAGA

**BAUDILIO RAMOS RAMIREZ**,

    Petitioner,

v.

**KRISTI NOEM, SECRETARY OF DEPARTMENT OF HOMELAND SECURITY**, *et al.*,

    Respondents.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Baudilio Ramos Ramirez's Petition for Writ of Habeas Corpus [ECF No. 1], filed on January 28, 2026. Petitioner challenges his detention at the Federal Detention Center in Miami, Florida ("FDC Miami"). (*See generally id.*). Respondents filed a Response [ECF No. 6]. The Court has reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is granted in part.

**I. BACKGROUND**

*Petitioner's Immigration History.* Petitioner is a noncitizen who has lived in Jupiter, Florida for "approximately over twenty years." (Pet. ¶¶ 1, 46). He has a U.S. citizen daughter and "deep and meaningful ties to [his] community[.]" (*Id.* ¶ 47 (alterations added)).

Immigration and Customs Enforcement ("ICE") detained Petitioner in February 2025. (*See id.* ¶ 5). In March 2025, an Immigration Judge ("IJ") at the Miami Krome Immigration Court

released him on bond. (*See id.*). Petitioner avers that he has complied with all conditions of his bond and has committed no criminal offenses while released. (*See id.*).

Nevertheless, ICE re-detained Petitioner in December 2025 after he was involved in a car accident in Palm Beach County, Florida, and reported it to Florida Highway Patrol. (*See id.* ¶¶ 2, 5, 16, 49). He is currently detained at FDC Miami. (*See id.* ¶¶ 2, 11, 16, 49).

***Petitioner's Habeas Petition.***  Petitioner asserts five claims for relief. In Count I of his Petition, Petitioner alleges that his current detention — which Respondents contend is governed by 8 U.S.C. section 1225(b)(2) (*see* Resp. 2)[1] — violates 8 U.S.C. section 1226(a) because the latter provision applies to noncitizens, like Petitioner, "who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings[.]" (Pet. ¶ 56 (alteration added); *see also id.* ¶¶ 55–58). In Count II, Petitioner alleges Respondents violated 8 C.F.R. sections 236.1, 1236.1, and 1003.19 — regulations governing bond eligibility for noncitizens who have entered the United States without inspection — by unlawfully detaining him under 8 U.S.C. section 1225(b). (*See id.* ¶¶ 59–62). In Count III, Petitioner alleges that his re-detention under section 1225(b) was arbitrary and capricious, in violation of the Administrative Procedure Act ("APA"). (*See id.* ¶¶ 63–68). In Count IV, Petitioner alleges that Respondents' decision to implement a new policy reinterpreting the Immigration and Nationality Act ("INA") to deny noncitizens like himself bond eligibility without any rulemaking, notice, or meaningful opportunity to comment violates the APA. (*See id.* ¶¶ 69–74). In Count V, Petitioner alleges that his re-detention by Respondents without being given an individualized bond hearing violated his due process rights under the Fifth Amendment. (*See id.* ¶¶ 75–79).

Petitioner seeks an order granting a writ of habeas corpus; directing Respondents to

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2

immediately release him, or at a minimum, re-conduct a custody determination hearing before an IJ; and awarding him fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. section 2412.[2] (*See id.* ¶ 81).

Respondents submitted an abbreviated Response incorporating by reference arguments raised in the opposition brief in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, No. 25-24535-Civ, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025). (*See* Resp. 4; *see also generally id.*, Ex. A, Return in *Puga* ("*Puga* Opp'n Br.") [ECF No. 6-1]). Specifically, Respondents argue that Petitioner failed to exhaust administrative remedies (*see Puga* Opp'n Br. 4), and that his detention is lawful under 8 U.S.C. section 1225(b)(2)(A) (*see id.* 4–16). Respondents fail to address Petitioner's argument that his re-detention in December 2025, despite Petitioner's compliance with all bail conditions, violated his Fifth Amendment due process rights. (*See generally* Resp.; *see also generally Puga* Opp'n Br.).

## II. LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C.

---

[2] Petitioner also seeks declaratory relief and asks the Court to set aside Respondents' policy of detaining noncitizens residing in the United States without bond under 8 U.S.C. section 1225(b) as unlawful under the APA. (*See* Pet. ¶ 81(b), (f)). Yet Petitioner does not properly develop or provide authority supporting any basis for such relief. *See N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authorities, are generally deemed to be waived." (citations omitted)); *see also Santiago v. NSI Ins. Grp., Inc.*, No. 05-22307-Civ, 2006 WL 8433177, at *9 (S.D. Fla. July 10, 2006) ("The decision whether to grant declaratory relief is within the court's discretion." (citation omitted)). In any event, "the historic role of habeas is to secure release from custody[.]" *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 118 (2020) (alteration added).

§ 2241(c)(3). The Court's habeas jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III. DISCUSSION

***Administrative Exhaustion.*** Respondents contend Petitioner has not exhausted all available administrative remedies because he has not appealed his case to the Board of Immigration Appeals ("BIA"). (*See Puga* Opp'n Br. 4). Petitioner notes that the BIA recently decided in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), that noncitizens like Petitioner who have resided in the United States without admission are subject to mandatory detention without bond under 8 U.S.C. section 1225(b)(2). (*See* Pet. ¶¶ 40, 51–52 (citations omitted)).

In *Puga*, the Court held that *Hurtado* renders the outcome of any BIA appeal of the detention of an individual such as Petitioner "nearly a foregone conclusion[,]" and therefore relieves Petitioner of any exhaustion requirements. *Puga*, 2025 WL 2938369, at *2 (alteration added). Respondents supply no reason to depart from the Court's reasoning in *Puga* (*see generally* Resp.; *see also id.* 4 (acknowledging *Puga* "would control the result here")), and the Court therefore finds that Petitioner is not required to challenge his detention before the BIA.

***Petitioner's INA Claim.*** Petitioner argues that his current detention under 8 U.S.C. section 1225(b)(2) is unlawful, as his detention is more appropriately governed by 8 U.S.C. section 1226(a). (*See* Pet. ¶¶ 55–58). Respondents, in contrast, contend that Petitioner is subject to mandatory detention under section 1225(b)(2) "because he was present in the United States without being admitted or paroled." (Resp. 2 (citations omitted)).

As Respondents recognize, courts within this District and the undersigned have rejected the same arguments Respondents make here. (*See id.* 2–3 (listing cases)). Respondents do not persuade that the Court's prior conclusion was in error or that the facts of this case merit a different

outcome; instead, Respondents submit an abbreviated brief incorporating arguments made in *Puga* "to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter." (*Id.* 2). Consequently, as in *Puga*, the Court concludes that section 1226(a) — not section 1225(b) — governs Petitioner's detention. *See Puga*, 2025 WL 2938396, at *4–5.

The critical distinction between sections 1225(b)(2) and 1226(a) is that "noncitizens detained under [section] 1226(a) are entitled to individualized bond hearings[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (alterations added; citations omitted), whereas those detained under section 1225(b)(2) are not, *see id.* at 297; *see also, e.g.*, *Lopez Benitez*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citation omitted); *Patel v. Hardin*, No. 25-cv-870, 2025 WL 3442706, at *2 (M.D. Fla. Dec. 1, 2025). As the Court concluded in *Puga*, because Petitioner is detained under section 1226(a), he is entitled to an individualized bond hearing. *Puga*, 2025 WL 2938369, at *5.[3]

***Attorney's Fees.*** In his general prayer for relief, Petitioner seeks attorney's fees and costs under the EAJA. (*See* Pet. ¶ 81(g)). Under the EAJA, "[a] party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 91 (1991) (alteration added; citing 28 U.S.C. § 2412). The statute extends to prevailing parties in civil actions against "any agency or any official of the United States acting in his or her official capacity[.]" 28 U.S.C. § 2412(a) (alteration added). Habeas corpus petitions are civil actions. *See, e.g.*, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ("Our decisions have consistently recognized that habeas corpus proceedings

---

[3] The Court declines to reach the merits of Petitioner's remaining claims, as the Court grants the relief Petitioner seeks in Count I. (*See* Pet. ¶¶ 47–50); *see, e.g.*, *Puga*, 2025 WL 2938396, at *6 (citing *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025)). If Respondents fail to provide Petitioner an individualized bond hearing in compliance with this Order, Petitioner may renew his other claims.

5

are civil in nature." (citation omitted)); *see also Ex parte Tom Tong*, 108 U.S. 556, 559 (1883) ("The writ of *habeas corpus* is the remedy which the law gives for the enforcement of the civil right of personal liberty. . . . Proceedings to enforce civil rights are civil proceedings[.]" (alterations added; italics in original)).

To be eligible for fees under the EAJA, "the prevailing party must submit to the court an application for fees and expenses 'within thirty days of final judgment in the action.'" *Melkonyan*, 501 U.S. at 91 (quoting 28 U.S.C. § 2412(d)(1)(B)). As the Court rules in Petitioner's favor, Petitioner may apply within 30 days of final judgment showing he is a prevailing party, the amount sought, and that the position of the United States was not substantially justified. *See Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, No. 05-80339-Civ, 2006 WL 8430907, at *1 (S.D. Fla. May 5, 2006) (citing 28 U.S.C. § 2412(d)(1)(B)); *see also De La Caridad Brito v. Saul*, No. 19-cv-22911, 2020 WL 7248247, at *1 (S.D. Fla. Nov. 9, 2020) ("An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." (citation omitted)). The Court will terminate such motion should an appeal not have been filed or if an appeal is pending, and reinstate it, if appropriate, after resolution of the appeal.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner, Baudilio Ramos Ramirez's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **GRANTED in part**. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) or otherwise release Petitioner.

2. **Counts II**, **III**, **IV**, and **V** of the Petition for Writ of Habeas Corpus **[ECF No. 1]** are **DISMISSED without prejudice**.

3. The Clerk shall **CLOSE** the case.

CASE NO. 26-20550-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 12th day of February, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record